THE COUNTY OF WINNEBAGO v. BRONES, ADM'R, ET AL.

1. **Tax Sale and Deed:** LAND MORTGAGED TO SCHOOL FUND: WHAT PASSES. When land mortgaged to the school fund is sold for taxes accruing subsequent to the mortgage, the purchaser takes it subject to the mortgage. Code, § 900.

2. **School-fund Mortgage:** FORECLOSURE SALE: SHERIFF'S RETURN NOT CONCLUSIVE: PECULIAR FACTS. Where a sheriff sold land pursuant to a foreclosure of a school-fund mortgage, and returned the execution satisfied, but the owner of the land, who bid it off, never paid the sheriff the amount of the bid, but afterwards paid off a portion of the debt and procured a new loan of the school fund for the remainder, and the sheriff signed the new notes as surety, *held* that the sheriff's administrator, in setting up a claim to the land adverse to the new school fund mortgage, could not be heard to insist that the sheriff's return of the execution was conclusive evidence of the payment of the debt.

3. **Mortgage Foreclosure:** ATTORNEY'S FEES: WHO MAY OBJECT TO. A defendant in a foreclosure suit, who does not seek to redeem, but who claims the land by a superior title, is not in a position to object to the amount of the attorney's fee allowed by the court.

*Appeal from Winnebago District Court.*

FRIDAY, APRIL 23.

THIS is an action for the foreclosure of two mortgages upon certain real estate. There was a decree for the plaint-

iff. Defendant A. N. Brones, administrator of Peter Lewis, one of the defendants, appeals.

*J. F. Thompson* and *Glass & Hughes* for appellant.

*Ripley & Fisher*, for appellee.

ROTHROCK, J.—It appears from the record and evidence in the case that in March, 1870, N. K. Landru and others

1. TAX sale and deed: land mortgaged to school fund: what passes.

executed a mortgage upon the land in controversy to Winnebago county, for the use of the school fund, for $500, due in five years. In the year 1877 this mortgage was foreclosed by action in the circuit court of said county. A special execution was issued, and the land was bid off by Nelson Lewis for the full amount of the judgment in foreclosure. Nelson Lewis, as we infer, had become the owner of the land. The sheriff did not return the money for which the land was sold with the execution, because it was not paid by Nelson to him. In January, 1878, there was paid on the claim the sum ·of $341.49, and Nelson Lewis and Peter Lewis, now deceased, and of whose estate the defendant Brones is administrator, appeared before the board of supervisors at their January session in 1878, and made an arrangement by which Nelson Lewis gave the mortgages now in controversy to secure the balance due on the mortgage originally given by Landru. Peter Lewis signed the notes secured by the mortgages as surety. These new mortgages were intended by the parties thereto as renewals of the original mortgage and loan. Nelson Lewis, the mortgagor, made no defense to the action. The defendant Brones, as administrator of Peter Lewis, filed an answer, claiming that he, as such administrator, was the owner of the mortgaged property by title prior and superior to the lien of the mortgages. He bases his claim to title upon certain tax deeds executed in the year 1884, founded upon sales of the land for delinquent taxes in the year 1876. These sales were made for taxes which accrued and became

delinquent after the original mortgage was executed. It is provided by § 900 of the Code that, in all cases when real estate is mortgaged to the school fund, the interest of the person who holds the fee shall alone be sold for taxes, and the lien or interest of the school fund shall not be affected by any sale of the land for taxes.

Defendant, if we understand him, claims that the first mortgage was extinguished by the sheriff's sale, and that the **2. SCHOOL-** return of the sheriff is conclusive, and cannot be **FUND mort-** **gage : fore-** contradicted by parol. But that rule has no **closure sale :** **sheriff's re-** application when the purchaser at the sheriff's **turn not con-** **clusive: pecu-** sale and the plaintiff in execution treat the sale **liar facts.** as a nullity. The fact is undisputed that Nelson Lewis did not pay the bid made at the sale. Instead of doing so, he and Peter Nelson sought a renewal of the mortgage, and obtained what they sought. Peter Lewis was the sheriff who made the sale, and neither he nor his representative ought to be allowed to take advantage of the fact that the sale never was completed by the payment of the money.

Defendant further claims that the attorney's fees for fore-closure are excessive. Nelson Lewis, the principal debtor, **3. MORTGAGE** does not appeal; and, as the defendant Brones **foreclosure:** **attorney's** does not seek to redeem, but claims the land by **fees: who** **may object to.** virtue of his tax deeds, we do not think he is in a position to question the amount allowed for attorney's fees.

AFFIRMED.